UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRED MEYER STORES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED FOOD AND COMMERCIAL WORKER'S UNION, LOCAL 1439,<br><br>    Defendant. | NO. CV-09-240-RHW<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** |

Before the Court is Plaintiff's Motion for Temporary Restraining Order (Ct. Rec. 3). A telephonic hearing on the motion was held on August 7, 2009. Plaintiff was represented by Devra S. Hermosilla and Richard Alli. Defendant was represented by Carson Glickman-Flora and Larry Schwerin.

### BACKGROUND FACTS

The following facts are taken from the allegations contained in Plaintiff's complaint.[1]

Starting on or about June 12, 2009, Defendant United Food and Commercial Worker's Union, Local 1439 ("Local") launched a negative corporate campaign against Plaintiff Fred Meyer Stores, Inc. that included maintaining and referring employees, customers, and the public to a website that contains negative information and videos/advertisements that ask people to buy their groceries at

---

[1] Defendant did not have the opportunity to file responsive briefing.

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 1**

other grocery chains; purchasing radio and video advertisements that do the same; holding and displaying large roadside banners near Fred Meyer Stores admonishing Fred Meyer; picketing sidewalks in front of Fred Meyer Stores; distributing handbills to potential customers and on residential doorknobs admonishing Fred Meyer, and displaying commercial billboards admonishing Fred Meyer.

On June 17, 2009, representatives of Local 1439, President Larry Hall and Secretary-Treasurer Aaron Streepy, sent letters to Local 1439 members informing them of the Local's campaign against Fred Meyer. According to the letter, the purpose of the campaign was to force Fred Meyer to abandon its purported policy of discharging employees for a single mistake while handling cash.

## PROCEDURAL BACKGROUND

On July 31, 2009, Plaintiff Fred Meyer Stores, Inc. filed its Complaint against the Local in the Eastern District of Washington. Plaintiff is asserting breach of contract claims against the Local with respect to three separate Fred Meyer employee groups—the Spokane Meat employees; the Spokane Grocery employees; and the Spokane Combination Food/Non-Food Checkout employees—under their respective Collective Bargaining Agreements. On August 6, 2009, Plaintiff filed a Motion for Temporary Restraining Order.

## ANALYSIS

Plaintiff argues that the Court has authority under § 301 of the Labor Management Relations Act (LMRA) to issue the injunction. Section 301 permits suits to enforce collective bargaining agreements. 29 U.S.C. § 185(a). Plaintiff argues that Defendant's conduct grows out of a breach of the collective bargaining agreements between Plaintiff and Defendant and thus, the Court is permitted to issue a temporary injunction.

On the other hand, the Norris-LaGuardia Act, 29 U.S.C. §§ 101, *et seq.*, generally prohibits district courts from granting injunctions in labor disputes.

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 2**

Specifically, section 4(e) prohibits courts from issuing a restraining order to prohibit persons from "giving publicity to the existence of, or the facts involved in, any labor dispute, whether by advertising, speaking, patrolling, or by any other method not involving fraud or violence." 29 U.S.C. § 104(e).

The Supreme Court has carved out an exception to the general no-injunction rule. In *Boys Markets, Inc. v. Retail Clerks Union, Local 770*, the Court permitted federal courts to enjoin a strike in violation of a no-strike agreement where the dispute is clearly arbitrable. 398 U.S. 235, 253 (1970). District court must still follow the requirements of section 7 of the Norris-LaGuardia Act when reviewing a motion for injunction under section 301. *Northern Stevedoring and Handling Corp. v International Longshoremen's and Warehousemen's Union, Local No. 60*, 685 F.2d 344, 348 (9th Cir. 1982).

Section 7 provides, in pertinent part:

> No court of the United States shall have jurisdiction to issue a temporary or permanent injunction in any case involving or growing out of a labor dispute, as defined in this chapter, except after hearing the testimony of witnesses in open court (with opportunity for cross-examination) in support of the allegations of a complaint made under oath, and testimony in opposition thereto, if offered, and except after findings of fact by the court, to the effect-
> (a) That unlawful acts have been threatened and will be committed unless restrained or have been committed and will be continued unless restrained, but no injunction or temporary restraining order shall be issued on account of any threat or unlawful act excepting against the person or persons, association, or organization making the threat or committing the unlawful act or actually authorizing or ratifying the same after actual knowledge thereof;
> (b) That substantial and irreparable injury to complainant's property will follow;
> (c) That as to each item of relief granted greater injury will be inflicted upon complainant by the denial of relief than will be inflicted upon defendants by the granting of relief;
> (d) That complainant has no adequate remedy at law; and
> (e) That the public officers charged with the duty to protect complainant's property are unable or unwilling to furnish adequate protection. . . .

29 U.S.C. § 107.

The *Boys Markets* exception to the Norris-La Guardia Act is very narrow. *Buffalo Forge Co. v. Steelworkers*, 428 U.S. 397, 409 (1976). In *Buffalo Forge*,

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** ~ 3

the Supreme Court held that the district court could not enjoin a sympathy strike because the strike was not an arbitrable grievance.

> "Nor was the injunction authorized solely because it was alleged that the sympathy strike called by the Union violated the express no-strike provision of the contracts. Section 301 of the Act assigns a major role to the courts in enforcing collective-bargaining agreements, but aside from the enforcement of the arbitration provisions of such contracts, within the limits permitted by *Boys Markets*, the Court has never indicated that the courts may enjoin actual or threatened contract violations despite the Norris-La Guardia Act. In the course of enacting the Taft-Hartley Act, Congress rejected the proposal that the Norris-La Guardia Act's prohibition against labor-dispute injunctions be lifted to the extent necessary to make injunctive remedies available in federal courts for the purpose of enforcing collective-bargaining agreements. *See Sinclair Refining Co. v. Atkinson, supra*, (370 U.S.) at 205-208, and 216-224 (82 S.Ct. at 1334-1335, and 1340-1343) (dissenting opinion). The allegation of the complaint that the Union was breaching its obligation not to strike did not in itself warrant an injunction."

428 U.S. 397, 409 (1976).

In *Northern Stevedoring*, the Circuit made the following observations:

> The events and circumstances leading to the *Boys Markets* decision are by now so familiar as to make a full recitation of them unnecessary. We pause only to repeat that the accommodation reached by the Supreme Court between the anti-injunction provisions of the Norris-La Guardia Act and section 301 of the Labor Management Relations Act is restricted to a closely circumscribed class of cases, and that injunctive relief issued thereby must be conditioned upon a detained set of factual findings. . .
> . . . each restraint imposed by a *Boys Markets* injunction must be grounded on a finding by the District Court that the activity restrained is a proper subject for injunctive relief despite the Norris-La Guardia Act. If the scope of the injunction is so broad as to enjoin union activity in situations that the court could not have found to be suitable for Boys Markets relief, because of the paucity of factual support for the necessary findings, the injunction crosses the jurisdictional boundary of the Norris-La Guardia Act.

*Northern Stevedoring*, 685 F.2d at 344 (*quoting Donovan Const. Co. v. Const., P. & M. Lab. U. L. 383*, 533 F.2d 481 (9th Cir. 1976).

Here, the first inquiry the Court must make is whether the controversy involves or emanates from a labor dispute within the meaning of section 4 of the Norris-LaGuardia Act, or whether the dispute is clearly arbitrable pursuant to *Boys Markets*. It is not clear whether this matter is covered by *Boys Markets*, emanates from a labor dispute or is an ordinary contract dispute. Likewise, Plaintiff has not shown that it has met the traditional requirements for a preliminary injunction of

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** ~ 4

showing that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor and that an injunction is in the public interest. *Stormans, Inc. v. Selecky*, 571 F.3d 960, 978 (9th Cir. 2009).

Plaintiff is asking the Court to restrain speech and other forms of communication protected by long standing constitutional and labor law principles. The harm to Plaintiff appears to be economic. In fact, Plaintiffs have sued for damages. *See* Ct. Rec. 1. In balancing the equities between the parties, the Court cannot say that greater injury will be inflicted upon Plaintiff by the denial of relief than will be inflicted upon Defendant by the granting of relief. The complained-about conduct has been occurring since June, 2009. Waiting until September 3, 2009, when the Court is available and can consider Defendant's responsive briefing, will not prejudice Plaintiff to the extent that a temporary restraining order should be issued.[2]

At the hearing, Plaintiff asked for leave to file additional briefing. Given this Order, the Court finds that no additional briefing is necessary on the Motion for Temporary Restraining Order.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Temporary Restraining Order (Ct. Rec. 3) is

---

[2]Equally important, Section 7 of the Norris-LaGuardia Act requires a full evidentiary hearing. Notably, in *Northern Stevedoring*, the district court heard argument, but took no testimony before issuing a temporary restraining order. 685 F.2d at 350. The Circuit remanded the case to the district court with directions to follow section 7 of the Norris-LaGuardia Act. *Id.* On remand, the district court basically adopted the findings of fact and conclusions of law prepared by the employer. *Id.* The Circuit reversed and remand for a hearing, with live witnesses if requested, with the right to cross-examination. *Id.*

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** ~ 5

**DENIED**.

2.  Defendant shall file its responsive briefing to Plaintiff's Motion for Preliminary Injunction, on or before August 14, 2009.

3.  Plaintiff shall file its reply to Defendant's responsive briefing on or before August 19, 2009.

4.  A telephonic status hearing is set for August 26, 2009, at 12:45 p.m., in Spokane, Washington. The parties are directed to call the Court conference line at (509) 458-6380, at the appropriate time. Prior to the hearing, the parties are directed to meet and confer to discuss the number of witnesses that will be presented and how the parties intend to use the scheduled time for the hearing on Plaintiff's Motion for Preliminary Injunction.

5.  A hearing on Plaintiff's Motion for Preliminary Injunction is set for September 3, 2009, at 8:00 a.m., in Spokane, Washington.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 7th day of August, 2009.

*s/Robert H. Whaley*

ROBERT H. WHALEY
Senior United States District Judge

Q:\CIVIL\2009\Fred Meyer Stores, Inc\deny.tro.wpd

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER ~ 6**